{¶ 20} I respectfully dissent from the majority's opinion reversing the trial court's granting of summary judgment in favor of Demirjian.
 {¶ 21} In the first assignment of error, Asadorian argues that there is a written contract because of two subsequent letters Demirjian wrote memorializing the parties' agreement. According to the Ohio Supreme Court, a written memorandum that merely evidences an oral contract never converts an oral contract to a written contract. First NationalSecurities, supra. Demirjian's language in each letter is similar to the language in First National Securities. Therefore, I would find that Demirjian's letters simply evidence oral contracts, which are subject to a six-year statute of limitations. *Page 8 
 {¶ 22} In the second assignment of error, Asadorian argues the trial court erred when it held that the fraud claim is barred by the four-year statute of limitations. In 1996, Paul had a reasonable opportunity to discover that he had no mortgage on the property. According to Demirjian's deposition testimony, in 1996, he informed Paul via telephone that he had sold Lot Three but was not able to pay off the loans pursuant to their agreement. Alice has not presented any evidence to refute Demirjian's testimony. Therefore, I would find that the fraud claim was filed well-beyond the four-year statute of limitations. *Page 1